**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JACK COELLO,

    Plaintiff,

v.                                                        Case No: 8:14-cv-2825-T-30AEP

MARVIN K. SEGARS and FEDEX
SUPPLYCHAIN SYSTEMS, INC.,

    Defendants.

## ORDER

THIS CAUSE comes before the Court upon the Defendants' Motion to Dismiss, Strike, of For a More Definite Statement as to Plaintiff's Second Amended Complaint (as incorporated into Defendants' Answer, Affirmative Defenses and Counterclaims) (Dkt. #15) and Plaintiff's Memorandum of Law in Opposition to the Motion (Dkt. #18). Upon review and consideration, it is the Court's conclusion that the Motion should be granted in part.

Plaintiff collided with Defendant Marvin K. Segars, doing business as Marvin Segars Trucking ("Segars"), at an intersection in Polk County resulting in serious physical injuries. Segars was operating the vehicle while conducting business on behalf of Defendant FedEx Supply Chain Systems, Inc. ("FedEx"). As a result, Plaintiff sues Segars

for damages based on his "negligent operation of the tractor trailer" and sues FedEx under the theories of *respondeat superior*, apparent agency and actual agency.

Defendants previously moved to dismiss both counts of Plaintiff's Amended Complaint and alternatively for a more definite statement. Plaintiff responded that he would file a Second Amended Complaint clarifying his allegations. Therefore, the Court granted Defendants' Motion in part since Plaintiff essentially consented to providing a more definite statement.

In this motion, Defendants move to dismiss Count II of the Second Amended Complaint for failure to state a claim. Plaintiff alleges FedEx's liability based on an "apparent agency" theory, which Defendants state are inapplicable based on the operative facts. Further, Count II contains an apparent typographical error, and demands judgment from Segars instead of FedEx. Plaintiff argues that the Second Amended Complaint contains sufficient factual details to meet the pleading requirements based on Florida state law. Nonetheless, he attached a Third Amended Complaint to the Memorandum in Opposition to the Motion to clarify the allegations, particularly to remove any reference to apparent agency and correct the typographical error.

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendants' Motion to Dismiss, Strike, of For a More Definite Statement as to Plaintiff's Second Amended Complaint (Dkt. #15) is GRANTED IN PART to the extent the Court grants Defendants' request for a more definite statement.

2. Plaintiff shall re-file his Third Amended Complaint within five (5) days of the date of this Order as a separate pleading.

2

**DONE** and **ORDERED** in Tampa, Florida, this 20th day of January, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2014\14-cv-2825 mtd 15.docx